IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RICKY HAWS,<br><br>   Plaintiff,<br><br>v.<br><br>PROVO POLICE DEPARTMENT,<br><br>   Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:19-cv-00276-CW-CMR<br><br>District Judge Clark Waddoups<br>Magistrate Judge Cecilia M. Romero |

  This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 4, 5).  On April 23, 2019, *pro se* Ricky Haws (Plaintiff) filed his Complaint against Defendant (ECF 3) and was granted leave to proceed *in forma pauperis* (ECF 2).  In addition to failing to response to an Order to Show Cause (ECF 7), Plaintiff failed to update his address or make any filings in this case since 2019.  For the reasons outlined below, the undersigned RECOMMENDS this case be dismissed for failure to prosecute.

## I. BACKGROUND

  On July 20, 2021, the court ordered Plaintiff to show cause within fourteen days why this action should not be dismissed for failure to prosecute (Order) (ECF 7).  The Order warned Plaintiff that failure to timely provide the requested information may result in dismissal of this action (*Id.*).  As of the date of this Report and Recommendation, Plaintiff has not responded to the Order, provided the information requested by the court, or taken any other action in this matter.

## II. DISCUSSION

  Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order."  Fed. R. Civ. P. 41(b); *see also*

DUCivR 41-2 (allowing dismissal for failure to prosecute).  This court may dismiss actions *sua sponte* for failure to prosecute.  *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (noting courts have inherent authority to clear "their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").  In determining whether dismissal is appropriate, the court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

Here, nearly all factors weigh in favor of dismissal.  Plaintiff failed to respond to the court's Order or make any filings in this case in over three years.  Plaintiff's failure to move this matter along interferes with the judicial process, and his culpability in failing to prosecute this matter is high.  There appears to be no effective lesser sanction, and there would be no actual prejudice to Defendant where it has not yet been served.  As to the first factor, the court finds that the circumstances as a whole warrant dismissal, given that Plaintiff's failure to prosecute is coupled with a failure to abide by the court's Order and local rules of practice.

## RECOMMENDATION

Based on Plaintiff's failure to prosecute this case and abide by the rules and orders of this court, the court **RECOMMENDS** that the district judge **DISMISS** this case without

prejudice.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 19 August 2021.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah